Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                    Chapter 11
REAL CARE, INC.,                                              Case No. 18-

                            Debtor.
------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

STATE OF NEW YORK    )
                                            ) ss.:
COUNTY OF NEW YORK )

      Igor Galper, being duly sworn, deposes and says:

      1.     I am the President of Real Care, Inc., the debtor and debtor-in-possession herein (the "Debtor"). I am familiar with the facts and circumstances as recited herein.

      2.     The Debtor is a New York corporation engaged in providing home care services (*i.e.*, nurses and health aides) for eligible clients which include homebound, disabled and/or elderly people.

      3.     On October 25, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was entered. The Debtor remains in possession of its property and is continuing to manage its affairs as a debtor-in-possession.

      4.     The Debtor's chapter 11 filing was precipitated by the expense of addressing ongoing audits being conducted by the New York State Department of Labor relating

to alleged unpaid wages owed to the former and/or current employees of the Debtor and two pending lawsuits for alleged unpaid wages brought by former employees entitled: (i) *Alla Nesterenko, individually and on behalf of all other persons similarly situated who were employed by Real Care, Inc. v. Real Care, Inc.* (Index No. 153251/2017), which was commenced in the New York State Supreme Court; and (ii) *Natalia Komarova, individually and on behalf of other persons similarly situated who were employed by Real Care, Inc. , along with other entities affiliated or controlled by Real Care, Inc. v. Real Care, Inc. and/or any other related entities* (Case No. 18-cv-03050), which was commenced in the United States District Court for the Eastern District of New York. The Debtor disputes that any money is owed for alleged underpaid and/or unpaid wages. Notwithstanding the foregoing, the Debtor is concerned about the cost of defending the two actions and, in the alternative, the possible expansion of those two actions into multiple new actions to be brought by other former employees (*i.e.*, copycat litigation) if the cases could be settled.

        5.       The Debtor was also named as a defendant in a third action entitled *Hanna Ginzburg, individually and as Administratrix of the Estate of Vladimir Ginzburg, deceased, and Joseph Forzano, individually v. Coney Island Hospital, et al.* (Index No. 503595/2017), which was commenced in the New York State Supreme Court. The Debtor's defense of this matter is being handled through the Debtor's insurance company and is subject to a $2,500 deductible.

        6.       The Debtor intends to promptly request that a "bar date" be established by the Bankruptcy Court by which proofs of claim for pre-Petition Date obligations of the Debtor must be filed. In this fashion the Debtor can review each of the claims actually made against it and determine the actual predicate for the claims (*i.e.*, asserted claims for overtime or hourly rates or employee benefits such as vacation pay or a combination thereof.

7. Pursuant to LBR 1007(a)(3), no committee of creditors of the Debtor was formed prior to the Petition Date.

8. Pursuant to LBR 1007-4 (a)(4), a list containing the names and addresses of the entities believed to be the twenty largest unsecured creditors of the Debtor, excluding insiders, has been filed with the Court.

9. Pursuant to LBR 1007-4(a)(5), a list containing the names and addresses of the entities believed to be all of the Debtor's secured creditors have been listed in the Debtor's Schedule D which has been filed with the Court.

10. Pursuant to LBR 1007-4(a)(6), an approximate summary of the Debtor's assets and liabilities are set forth in the Debtor's Schedules A/B, D, and E/F which have been filed with the Court.

11. Pursuant to LBR 1007-4(a)(7), the issued and outstanding interests in the Debtor are all privately held.

12. Pursuant to LBR 1007-4(a)(8), to the best of my knowledge, there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

13. Pursuant to LBR 1007-4(a)(9), the only real property owned, leased or held by the Debtor is the Premises.

14. Pursuant to LBR 1007-4(a)(10), all of the corporate assets and books and records are located at the Premises.

15. Pursuant to LBR 1007-4(a)(11), to the best of my knowledge and belief, the only pending or threatened actions or proceedings against the Debtor are as follows:

| Case Title | Court/Case No. | Description | Status |
|---|---|---|---|
| *Alla Nesterenko, individually and on behalf* | Supreme Court of the | Class action | Pending |

| Case Title | Court/Case No. | Description | Status |
|---|---|---|---|
| *of all other persons similarly situated who were employed by Real Care, Inc., Plaintiffs, against Real Care, Inc., Defendant.* | State of New York, County of New York, Index No. 153251/2017 | lawsuit under NYLL | |
| *Natalia Komarova, individually and on behalf of other persons similarly situated who were employed by Real Care, Inc., along with other entities affiliated or controlled by Real Care Inc., Plaintiffs, against Real Care, Inc. and/or any other related entities, Defendant.* | United States District Court for the Eastern District of New York, Case No. 18-cv-03050-LDH-SMG | Class action lawsuit under FLSA, et al. | Pending |
| *Hanna Ginzburg, individually and as Administratrix of the Estate of Vladimir Ginzburg, deceased, and Joseph Forzano, individually v. Coney Island Hospital, et al.* | Supreme Court of the State of New York, County of Kings, Index No. 503595/2017 | Action for damages associated with handling of decedent's body. | Pending (Insurance company defending) |

16. Pursuant to LBR 1007-4(a)(12), the Debtor's management consists of only myself as the President. My wife, Katya Galper, assists me. I am also the sole director and shareholder of the Debtor.

17. Pursuant to LBR 1007-4(b)(1), the Debtor presently has approximately 230 full-time employees and approximately seven (7) part-time employees. The Debtor estimates that its gross payroll for employees exclusive of officers for the thirty (30) day period following the Petition Date will be approximately $500,000.

18. Pursuant to LBR 1007-4(b)(2), the amount proposed to be paid for services for the thirty (30) day period following the Petition Date to the officers, directors, and stockholders is $7,000 (net of taxes).

19. Pursuant to LBR 1007-4(b)(3), the Debtor anticipates that it will have receipts totaling approximately $720,000 during the thirty (30) day period following the Petition Date. The Debtor's expenses (including payroll) for the same period is anticipated to approximate $684,000.

20. The Debtor believes that under the supervision of the Bankruptcy Court, it will be able to pay its creditors substantially more than they would receive if the Debtor went through a forced liquidation.

*Igor Galper*
Igor Galper, President

Sworn to before me this
25 day of October, 2018

_____
Notary Public
My Commission expires: 4/17/22

ELEANORA ZALKIND
Notary Public, State of New York
No. 02ZA6040147
Qualified in Nassau County
Commission Expires April 17, 20 22